THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Anonymous,

                    Petitioner,

          -against-


Anonymous, et al.,

                    Respondents.

---

24-CV-3495 (JHR) (RFT)

**ORDER**

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

On April 10, 2024, Petitioner, who is proceeding pro se, filed this case, which Petitioner describes as a "special proceeding to seal mental health information" (*see* ECF 2-3, Civil Cover Sheet); Petitioner seeks this relief pursuant to the Violence Against Women Act, 42 U.S.C. § 13925(B)(2) (transferred to 34 U.S.C. § 12291 (effective 2017)), New York Mental Hygiene Law § 33.14 (a)(1), and other state law. (*See* ECF 3, Petitioner's Affidavit.)[1] Pending before the Court are (1) Petitioner's "Motion for Emergency Relief in a Special Proceeding," which requests that the case proceed under the caption "Anonymous v. Anonymous, et al." and that all filings in the case be sealed (*see* ECF 2 at 1); and (2) Petitioner's application for a "Temporary/Emergency Motion to Seal Petitioner's Medical Record" pending a ruling on Petitioner's request for a permanent order sealing that medical record ("Emergency Motion To Seal Medical Record") (*see* ECF 11 at 1). On May 6, 2024, the Court temporarily restricted the public's access to the

---

[1]      Petitioner originally filed this case as a miscellaneous matter, assigned case number of 24-MC-00174. On May 6, 2024, Judge Margaret M. Garnett directed the Clerk of Court to close the miscellaneous matter and re-open the case as a civil case. (*See* ECF 1, Order.)

filings in this case and set deadlines for Petitioner to support the application to seal the filings in this case and for Petitioner and Respondents to proceed anonymously. (*See* ECF 5, Order.) That Order provided that the Court would give Petitioner notice before granting public access to this case so that Petitioner can decide whether to withdraw any document before the case is made public. (*See id.*) Petitioner filed a "Petition Re: Additional Information in Support of Motion To Seal a Special Proceeding" ("Petition"), explaining the legal and factual basis for the application to make filings in this case under seal and for all parties to proceed anonymously. (*See* ECF 6, Petition.)

This Order addresses only Petitioner's request that the case proceed anonymously and that all filings in the case be sealed (ECF 2), as supported by Petitioner's Petition (ECF 6). After carefully considering Petitioner's request, for the reasons set forth below, Petitioner's motion to proceed anonymously is GRANTED IN PART and DENIED IN PART, in that Petitioner may proceed anonymously to the public, but Respondents' names must appear on publicly available case filings; and Petitioner's motion to seal the filings in this case is GRANTED IN PART and DENIED IN PART, in that Petitioner may make filings in redacted form, redacting Petitioner's name and identifying information but not Respondents' names, with the unredacted versions of the filings remaining under seal and the redacted versions being available to the public.

## FACTUAL BACKGROUND

Petitioner alleges that Petitioner is a veteran who receives mental health treatment from several New York City hospitals; that Petitioner's treatment relates to "a violent sexual assault, unlawful retaliation, and intentional infliction of psychological distress which resulted" in physical and psychological harm; that Petitioner was involuntarily hospitalized for two weeks

2

under the New York Mental Hygiene Law and continues to receive outpatient mental health counseling; that Petitioner's medical records, which contain information about Petitioner's mental health as well as identifying information about other participants in group mental health counseling, are being accessed without Petitioner's consent by "third-party nonaffiliates."  (*See* ECF 6, Petition ¶¶ 3-4.)

<u>**LEGAL STANDARDS**</u>

**I.      Proceeding Anonymously**

Federal Rule of Civil Procedure 10(a) requires that "[t]he title of [a] complaint must name all the parties." This reason for this Rule is that there is an important public interest in knowing who makes use of the judicial system. *See Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008) (explaining that "identifying the parties to the proceeding is an important dimension of publicness"). Courts in the Second Circuit apply a non-exhaustive ten-factor test to determine whether a party may litigate a case anonymously or pseudonymously. *See id.* These factors are whether: (1) the litigation involves matters that are of a "highly sensitive and personal nature"; (2) "identification poses a risk of retaliatory physical or mental harm to the . . . party [seeking to proceed anonymously] or even more critically, to innocent non-parties"; (3) "identification presents other harms and the likely severity of those harms"; (4) "the plaintiff is particularly vulnerable to the possible harms of disclosure . . . particularly because of [the plaintiff's] age; (5) "the suit is challenging the actions of the government" rather than private parties; (6) the "defendant is prejudiced by allowing the plaintiff to press his claims anonymously"; (7) the party's "identity has thus far been kept confidential"; (8) "the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity"; (9)

"because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities"; and (10) there are alternative mechanisms for protecting the confidentiality of the parties. *Id.* In its analysis, the Court need only consider applicable factors. *See id.* at 189 n.4 (explaining that a court "is not required to list each of the factors or use any particular formulation as long as it is clear that the court balanced the interests at stake in reaching its conclusion".)

## II.    Sealing Court Records

There is a long-established "general presumption in favor of public access to judicial documents." *Collado v. City of New York*, 193 F. Supp. 3d 286, 288 (S.D.N.Y. 2016). The presumption of access is "based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice." *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995). Applications to seal documents must therefore be "carefully and skeptically review[ed] . . . to insure that there really is an extraordinary circumstance or compelling need" to seal the documents from public inspection. *Video Software Dealers Ass'n v. Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994).

In evaluating an application to file documents under seal, a Court must engage in a three-part analysis. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). First, the Court must determine whether the documents at issue are "judicial documents," as to which both a common law and a constitutional presumption of public access applies. *Id.* at 119. "In order to be designated a judicial document, 'the item filed must be relevant to the performance of the judicial function and useful in the judicial process.'" *Id.* (quoting *United States v. Amodeo,* 44 F.3d 141, 145 (2d Cir. 1995)). A document is "'relevant to

the performance of the judicial function' if it would reasonably have the tendency to influence a district court's ruling on a motion . . . ." *In re Arida, LLC*, No. 19-MC-522 (PKC), 2020 WL 8513844, at *1 (S.D.N.Y. Dec. 23, 2020) (quoting *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019)).

When the documents a party seeks to seal are "judicial documents," the Court must then determine how much weight to assign to the presumption of access. *See Lugosch,* 435 F.3d at 119. As the Second Circuit Court of Appeals has explained:

> [T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts. Generally, the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance.

*Id*. (quoting *Amodeo,* 71 F.3d at 1048). When a party seeks to seal a pleading, such as a complaint, which is a "core" judicial document, *Morgan Art Found. Ltd. v. McKenzie*, No. 18-CV-4438 (AT) (BCM), 2020 WL 1130699, at *2 (S.D.N.Y. Mar. 6, 2020), the weight of the presumption is "heavy." *Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 470 (S.D.N.Y. 2017). "Documents filed in connection with . . . non-dispositive motions . . . are subject to a 'still substantial' presumption of public access." *Arida*, 2020 WL 8513844, at *1 (quoting *Brown*, 929 F.3d at 49).

Finally, the Court must determine whether the parties seeking to keep the judicial document under seal have met their burden of demonstrating there are "countervailing factors," "competing considerations," or "higher values" sufficient to overcome the presumption of access. *Lugosch*, 435 F.3d at 120, 124. Neither "conclusory assertion[s]" of harm nor "[b]road and general findings by the trial court" will suffice. *In re N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987). Rather, a judicial document may be sealed only if "specific, on the

record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120 (quoting *N.Y. Times*, 828 F.2d at 116).

## ANALYSIS

### I.   Petitioner's Request that Petitioner Be Permitted To Proceed Anonymously

The first three *Sealed Plaintiff* factors weigh in favor of allowing Petitioner to proceed anonymously. The litigation involves matters that are of a "highly sensitive and personal nature"; "identification poses a risk of retaliatory physical or mental harm" to Petitioner; and "identification presents other harms." *Sealed Plaintiff*, 537 F.3d at 189. This case involves an effort to seal Petitioner's mental health records, and Petitioner alleges that the mental health treatment arose out of a prior sexual assault. As to the first factor, courts have found that sexual assault is "a paradigmatic example of highly sensitive and personal claims and thus favor a plaintiff's use of a pseudonym." *Rapp v. Fowler*, 537 F. Supp. 3d 521, 528 (S.D.N.Y. 2021) (internal quotation marks and citations omitted) (collecting cases).

The second and third *Sealed Plaintiff* factors consider the harm that a plaintiff may face from disclosing his or her identity. Psychological harm may justify allowing a party to proceed anonymously, but only if "the potential injury alleged [is] more than mere embarrassment or social stigmatization." *Doe v. Weinstein*, 484 F. Supp. 3d 90, 94 (S.D.N.Y. 2020) (internal quotation marks and citations omitted). In the context of litigation involving a sexual assault, "something more is required to rebut the presumption of public access . . . [,] and that something more frequently has to be evidence of real (and not conclusory) harm that is substantial and that will flow directly from and is directly linked to disclosure of the party's

6

name." *Doe 1 v. Branca USA, Inc.*, No. 22-CV-3806 (LJL), 2022 WL 2713543, at *2 (S.D.N.Y. July

13, 2022) (discussing cases); *see also Doe v. Juan Gonzales Agency Corp.*, No. 21-CV-0610 (PMH),

2022 WL 3100669, at *3 (S.D.N.Y. Aug. 4, 2022) (requiring "proper medical documentation [to]

link . . . public disclosure of plaintiff's name and the described psychological risk" (internal

quotation marks and citation omitted)); *Doe v. Smith*, 105 F. Supp. 2d 40, 43 (E.D.N.Y. 1999)

(allowing a plaintiff to proceed anonymously after considering documentation from medical

professionals that predicted psychological and emotional pain that would "threaten [the

plaintiff's] stability, safety, and even her life").

Here, Petitioner points to harm that goes beyond mere embarrassment and stigma.

Petitioner states that "the fact that my medical record is accessible to other people . . . not only

terrifies me but also jeopardizes my safety." (ECF 11, Emergency Motion To Seal Medical Record

¶ 4). And Petitioner provides evidence of real and substantial potential harm from disclosing

Petitioner's name: the Petition attaches documentation of Petitioner's involuntary commitment

pursuant to the New York Mental Hygiene Law due to Petitioner's "threats of, or attempts at

suicide or serious bodily harm" after the alleged sexual assault. (ECF 6, Petition at 10.) The

medical evidence of Petitioner's prior credible threats of or attempts at self-harm tips the

second and third *Sealed Plaintiff* factors in Petitioner's favor.

The seventh *Sealed Plaintiff* factor supports granting Petitioner's request to proceed

anonymously, since Petitioner's identity does not yet appear to have been disclosed to the

public. *See Sealed Plaintiff*, 537 F.3d at 189.

The eighth and ninth *Sealed Plaintiff* factors likewise support allowing Petitioner to

proceed anonymously. The eight factor directs Courts to determine "whether the public's

interest in the litigation is furthered by requiring the plaintiff to disclose her identity," *Sealed Plaintiff*, 537 F.3d at 190, and the public interest in this factor is strongest where, unlike here, the case involves a public figure. *See Rapp* 537 F. Supp. 3d at 532. The ninth factor teaches that if the issues presented by a case are "purely legal in nature," the "public interest in knowing the litigants' identities" is "atypically weak." *Doe v. Skyline Automobiles Inc*., 375 F. Supp. 3d 401, 408 (S.D.N.Y. 2019) (citing *Sealed Plaintiff*, 537 F.3d at 190). Petitioner's case appears to hinge on questions of statutory construction regarding access to medical records – purely legal issues – and so the public's interest in the litigation would not be furthered by requiring disclosure of Petitioner's identity.

Based on the foregoing analysis, Petitioner should be permitted to proceed anonymously under *Sealed Plaintiff.*

## II.      Petitioner's Request that Respondents Be Required To Proceed Anonymously

Petitioner's request that Respondents be required to proceed anonymously is also evaluated under the *Sealed Plaintiff* factors. *See N. Jersey Media Grp. Inc. v. Doe Nos. 1-5*, No. 12-CV-6152 (VM) (KNF), 2012 WL 5899331, at *4 (S.D.N.Y. Nov. 26, 2012) (applying *Sealed Plaintiff* factors to a defendant's motion to proceed pseudonymously due to the absence of "authority on the standard governing" such a motion).

Petitioner provides no justification for the request that Respondents be required to proceed anonymously. It is far from clear how either Petitioner or Respondents would be harmed by the identification of Respondents as parties to this action. Since Respondents have not yet been served or appeared, they have not weighed in on whether they want to proceed anonymously in this matter. The only two *Sealed Plaintiff* factors that support requiring

Respondents to proceed anonymously are that their "identity has thus far been kept confidential" and that, "because of the purely legal nature of the issues presented . . . there is an atypically weak public interest in knowing the litigants' identities." These two factors are not sufficient to support Petitioner's request that Respondents remain anonymous.

### III.    Petitioner's Request To Seal the Court Filings in this Case

Petitioner asks this Court to seal this case in its entirety, which necessarily would entail sealing judicial documents. *See Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016) (holding that pleadings are judicial documents); *In re Arida, LLC*, 2020 WL 8513844, at *1 (explaining that filings containing the arguments that a court is being asked to consider in exercising its decision-making authority are judicial documents because such filings "have a reasonable tendency to influence" a court's decision on a motion).

Because Petitioner seeks to seal judicial documents, the Court must determine the weight of the presumption in favor of public access. *See Lugosch,* 435 F.3d at 119. Petitioner asks to seal the entire case, which includes "core" judicial documents, and so the presumption of public access is heavy. *See Under Seal*, 273 F. Supp. 3d at 470.

While Petitioner has raised countervailing considerations in support of the request to seal – the mental harm Petitioner would suffer from disclosure – Petitioner has not demonstrated that "closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120. Here, Petitioner's valid interest in avoiding psychological damage caused by disclosure about Petitioner's mental health treatment due to a sexual assault may be addressed by the more narrowly tailored remedy of allowing Petitioner's name and identifying information to be redacted from the filings in this case, with the redacted

versions of the documents being available to the public and the unredacted versions being

sealed.

<u>**CONCLUSION**</u>

After carefully considering Petitioner's application, for the reasons set forth above,

Petitioner's motion to proceed anonymously is GRANTED IN PART and DENIED IN PART, in that

Petitioner may proceed anonymously but Respondents' names must appear on publicly

available case filings; and Petitioner's motion seal the filings in this case is GRANTED IN PART

and DENIED IN PART, in that Petitioner may make filings in redacted form, redacting

Petitioner's name and identifying information but not Respondents' names, with the

unredacted versions of the filings remaining under seal and the redacted versions being

accessible to the public.

If Petitioner wishes to proceed with this case notwithstanding that Respondents' names

will be available on the public docket and that this case will not be sealed in its entirety,

Petitioner is ORDERED to file on the docket by **May 23, 2024** (1) a statement of whether

Petitioner wishes to withdraw any documents filed in this case, and if so, identifying which

documents should be withdrawn; and (2) redacted versions of the documents appearing at ECF

2, 3, 4, 6, and 11 (except for any such document that Petitioner has indicated should be

withdrawn), redacting Petitioner's name and other personal identifying information. Once

Petitioner has made these filings, the Clerk of Court is respectfully requested to (1) add as

Respondents on the docket the Department of Veteran Affairs' Veterans' Health

Administration, the VA New York Harbor Healthcare System, NYC Health and

Hospitals/Bellevue, and NYU Langone Health; (2) issue a summons for each of the Respondents; and (3) make the docket available to the public.

If Petitioner does not wish to proceed with this case because Respondents' names will be available on the public docket and because this case will not be sealed in its entirety, Petitioner shall, by **May 23, 2024**, file a notice of dismissal pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. Failure by Petitioner to comply with this Order could lead to a report and recommendation that this case be dismissed.

DATED:  May 13, 2024
      New York, NY

SO ORDERED.

**ROBYN F. TARNOFSKY**
United States Magistrate Judge