UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANONYMOUS,<br><br>      Plaintiff,<br><br> -against-<br><br>ANONYMOUS, et al.,<br><br>      Respondents. | 24-CV-03495 (JHR)(RFT)<br><br>**ORDER** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

  On May 15, 2024, Petitioner filed a "Statement to Clarify Relief Sought and Plead with the Honorable Justice to Reconsider Order to Grant and Deny Petitioner's Motion in part." (ECF 13.) This Court construes this filing as a motion for reconsideration of the May 13, 2024 Order (i) granting Petitioner's application to proceed anonymously, (ii) denying her application for defendants to proceed anonymously, and (iii) denying her application for the entire case to be sealed, but permitting her to redact her identifying information from her filings, with the redacted versions being visible to the public but the unredacted versions remaining sealed. (ECF 12.) Petitioner points out that her petition does not seek damages from the respondent medical institutions, but instead seeks an order requiring the respondents to seal her medical records so that those records are accessible only to the medical providers listed on her medical profile; states that making her case public would "create a toxic environment for [her] to continue to receive care" at the respondent medical institutions; and states that allowing the public access to the case will worsen her mental health. (ECF 13 at 1-2.) Petitioner requests that if her case cannot remain permanently sealed that it be sealed temporarily, until her psychotherapy treatments are complete. (Id. at 3.)

This Court is sincerely sympathetic to the painful predicament in which Petitioner finds herself. And it is for the very reasons that Petitioner emphasizes in her motion for reconsideration – the sensitive and personal nature of the litigation, the risk of psychological harm to Petitioner of revealing her identity to the public, and the risk of other harm – that were the basis for the decision to allow Petitioner to remain anonymous, notwithstanding the strong public interest in full and complete access to court records. (ECF 12, Order at 6-8.) However, for the reasons set forth in the Order, those very real considerations cannot support permitting the respondents to remain anonymous (id. at 8-9) or permitting the entire case to be sealed (id. at 9-10). In her reconsideration motion, Petitioner raises two additional concerns – that she is being harassed by a "predatory marketing company" offering "unsolicited federal court case services" (ECF 13 at 2), and that revealing the names of the respondents could "jeopardize [her]ability to continue to receive mental support from these facilities" (id.). As to the first, it should be possible for Petitioner to block communications from the marketing company that has been contacting her. As to the second, the Court does not think that the respondents will become Petitioner's "enemies" because she is seeking an order directing them to seal her medical records. But even if making the respondents' names public did turn them against Petitioner, that would not justify changing the conclusion that the Petitioner has not supported her requests to allow the respondents to proceed anonymously and to seal the entire case. The public interest in access is simply too important to be overcome by that risk. The Court is also constrained to deny Petitioner's request in the alternative to seal the case in its entirety temporarily, until after she completes her psychotherapy treatment: there is no legal support for temporarily preventing the public from accessing core judicial documents.

Petitioner's request for reconsideration is denied. Petitioner is reminded that she has until May 23, 2024 to file on the docket (1) a statement of whether she wishes to withdraw any documents filed in this case, and if so, identifying which documents should be withdrawn; and (2) redacted versions of the documents appearing at ECF 2, 3, 4, 6, and 11 (except for any such document that Petitioner has indicated should be withdrawn), redacting Petitioner's name and other personal identifying information. If Petitioner does not wish to proceed with this case because the respondents' names will be available on the public docket and because this case will not be sealed in its entirety, she shall, by May 23, 2024, file a notice of dismissal pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. In considering how she wishes to proceed, Petitioner may wish to consider that there are serious questions as to whether this Court would have the authority to grant the relief being sought in the Petition.

DATED:  May 17, 2024
        New York, NY

SO ORDERED.

_____
**ROBYN F. TARNOFSKY**
United States Magistrate Judge