THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Anonymous,<br><br>       Petitioner,<br><br>-against-<br><br>Anonymous, et al.,<br><br>       Respondents. | 24-CV-3495 (JHR) (RFT)<br><br>**ORDER** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

  On May 13, 2024, I issued an Order (1) granting Petitioner's application to proceed anonymously; (2) denying Petitioner's application for Respondents to proceed anonymously; (3) denying Petitioner's application to permit this case to be sealed, but allowing Petitioner the opportunity to file on the public docket documents that redact her personal identifying information and allowing the unredacted versions of those documents to remain sealed; and (4) giving Petitioner the opportunity to request to withdraw any documents she had previously filed, to the extent that my decision on the foregoing issues made her unwilling for those documents to remain part of this case. (*See* ECF 12, May 13, 2024 Order.) On May 15, 2024, Petitioner filed a document that I construed as a request for reconsideration of my May 13, 2024 Order, which reconsideration I denied. (*See* ECF 14, May 15, 2024 Order.) On May 20, 2024, Petitioner filed a letter stating that (1) she wishes to withdraw from ECF the documents at ECF 2 (Motion for Emergency Relief), 3 (Affidavit in Support of Motion for Emergency Relief), 4 (Consent to Electronic Service), 6 (Petition re: Additional Information in Support of Motion To Seal), 11 (Emergency Application To Seal Medical Record) and 13 (Reconsideration Request); (2)

she will continue prosecuting this case anonymously; and (3) she is ready to serve summonses on Respondents. (*See* ECF 16, Petitioner's Letter.)

Petitioner is cautioned that it is not possible to withdraw a document from ECF and have that document be considered by the Court. If I were to permit Petitioner to withdraw ECF 2, 3, 4, 6, 11 and 13, as she requests, the only filings by Petitioner remaining in the case would be ECF 15 (Pro Se Consent for Electronic Service) and ECF 16 (Petitioner's Letter). Most significantly, ECF 6 sets forth the factual predicates for Petitioner's legal claims and specifies the relief she seeks. If that document were withdrawn, there would be no complaint or petition before the Court seeking any kind of relief, without which a Court cannot grant relief; nor would there be a complaint or petition to serve on Respondents along with summonses. Put another way, allowing Petitioner to withdraw all the documents she identified would have the same effect as if she were to voluntarily withdraw the entire case, unless Petitioner were to file a replacement complaint or petition.

A further problem with granting Petitioner's request to withdraw all the documents she identified is that I already relied on some of those documents (ECF 2, 6, 11) in issuing my May 13, 2024 Order and on another of these documents (ECF 13) in issuing my May 17, 2024 Order. I therefore do not believe that it would be appropriate to allow those documents (ECF 2, 6, 11 and 13) to be withdrawn. However, as I stated in my May 13, 2024 Order, Petitioner may, if she chooses, submit redacted versions of any of these document that contain her name or other personal identifying information; I will extend Plaintiff's time to do so until May 28, 2024.

There is no issue with granting Petitioner's request to withdraw the documents at ECF 3 and 4, which I mentioned but on which I did not rely in connection with my May 13, 2024

2

Order. (*See* ECF 12.) If Plaintiff wishes to continue prosecuting this case anonymously, she shall, by **May 28, 2024**, file on the docket redacted versions of any of ECF 2, 6, 11 and 13 that contain her name or other personal identifying information; if she does so, the original versions of the redacted documents she submits may remain sealed, while the others will be unsealed and made available to the public. If she does not wish to proceed with this case because of my ruling that Respondents may not remain anonymous, or my ruling that the case may not be sealed in its entirety, or my ruling that she may not remove from the docket ECF 2, 6, 11 or 13 (but may file redacted versions of those documents, redacting any of her personal identifying information), she shall, by **May 28, 2024**, file a notice of voluntary dismissal pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure.

In considering how she wishes to proceed, Petitioner may wish to consider that there are serious questions as to whether this Court would have the authority to order the sealing of Petitioner's medical records.

The Clerk of Court is respectfully requested to strike and seal ECF 3 and 4. Those stricken documents will be retained under seal for the record for appeal, if any.

DATED:  May 23, 2024
        New York, NY

SO ORDERED.

_____
**ROBYN F. TARNOFSKY**
United States Magistrate Judge